IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| KEITH A. MESSNER, | ) | |
| Plaintiff, | ) | Civil Action No. 11-55JOHNSTOWN |
| | ) | |
| v. | ) | District Judge Kim R. Gibson |
| | ) | |
| KENNETH CAMERON, et al, | ) | Magistrate Judge Baxter |
| Defendants. | ) | |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

**I.    RECOMMENDATION**

It is respectfully recommended that Defendants' motion for summary judgment [ECF No. 35] be denied.

**II.    REPORT**

**A.  Relevant Procedural History**

Plaintiff, a state inmate acting *pro se*, initiated this civil rights action in March of 2011. Named as Defendants are Kenneth Cameron, Superintendent, and Lt. Bearjar, both employees of the Department of Corrections at SCI-Cresson. Plaintiff alleges that he was subjected to excessive levels of noise from another inmate (Allen Artz) during his time in the RHU from October 21, 2010, through January 7, 2011. Plaintiff claims that he has suffered from sleep deprivation, the noise aggravated his migraine headache condition and his post-traumatic stress disorder, elevated his blood pressure, left him with a constant ringing in his left ear, and a partial loss of hearing. As relief, Plaintiff seeks monetary damages.

1

### B. Standards of Review

#### 1) *Pro Se* Litigants

*Pro se* pleadings, "however inartfully pleaded," must be held to "less stringent standards than formal pleadings drafted by lawyers." Haines v. Kerner, 404 U.S. 519, 520-521 (1972). If the court can reasonably read pleadings to state a valid claim on which the litigant could prevail, it should do so despite failure to cite proper legal authority, confusion of legal theories, poor syntax and sentence construction, or litigant's unfamiliarity with pleading requirements. Boag v. MacDougall, 454 U.S. 364 (1982); United States ex rel. Montgomery v. Bierley, 141 F.2d 552, 555 (3d Cir. 1969) (petition prepared by a prisoner may be inartfully drawn and should be read "with a measure of tolerance"); Smith v. U.S. District Court, 956 F.2d 295 (D.C.Cir. 1992); Freeman v. Dep't of Corrections, 949 F.2d 360 (10th Cir. 1991). Under our liberal pleading rules, during the initial stages of litigation, a district court should construe all allegations in a complaint in favor of the complainant. Gibbs v. Roman, 116 F.3d 83 (3d Cir. 1997). See, e.g., Nami v. Fauver, 82 F.3d 63, 65 (3d Cir. 1996)(discussing Fed.R.Civ.P. 12(b)(6) standard); Markowitz v. Northeast Land Co., 906 F.2d 100, 103 (3d Cir. 1990)(same). Because Plaintiff is a *pro se* litigant, this Court may consider facts and make inferences where it is appropriate.

#### 2) Motion for summary judgment

Federal Rule of Civil Procedure 56(a) provides that summary judgment shall be granted if the "movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." The moving party has the initial burden of proving to the district court the absence of evidence supporting the non-moving party's claims. Celotex

Corp. v. Catrett, 477 U.S. 317, 330 (1986); Andreoli v. Gates, 482 F.3d 641, 647 (3d Cir. 2007); UPMC Health System v. Metropolitan Life Ins. Co., 391 F.3d 497, 502 (3d Cir. 2004).

The burden then shifts to the non-movant to come forward with specific facts showing a genuine issue for trial. Fed. R. Civ. P. 56(e); Williams v. Borough of West Chester, Pa., 891 F.2d 458, 460-461 (3d Cir. 1989)(the non-movant must present affirmative evidence - more than a scintilla but less than a preponderance - which supports each element of his claim to defeat a properly presented motion for summary judgment). The non-moving party must go beyond the pleadings and show specific facts by affidavit or by information contained in the filed documents (i.e., depositions, answers to interrogatories and admissions) to meet his burden of proving elements essential to his claim. Celotex, 477 U.S. at 322. See also Saldana v. Kmart Corp., 260 F.3d 228, 232 (3d Cir. 2001). The non-moving party "must present more than just bare assertions, conclusory allegations or suspicions to show the existence of a genuine issue." Garcia v. Kimmell, 2010 WL 2089639, at * 1 (3d Cir. 2010) quoting Podobnik v. U.S. Postal Serv., 409 F.3d 584, 594 (3d Cir. 2005).

When considering a motion for summary judgment, the court is not permitted to weigh the evidence or to make credibility determinations, but is limited to deciding whether there are any disputed issues and, if there are, whether they are both genuine and material. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986). The court must consider the evidence, and all reasonable inferences which may be drawn from it, in the light most favorable to the non-moving party. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986). See also El v. SEPTA, 479 F.3d 232, 238 (3d Cir. 2007).

**C. Analysis**

In order to succeed on an Eighth Amendment claim based on prison conditions, a plaintiff must show: (i) "he has suffered an objectively, sufficiently serious injury," and (ii) "that prison officials inflicted the injury with deliberate indifference." Farmer v. Brennan, 511 U.S. 825, 834 (1994). The first prong of the Farmer test is an objective one: Plaintiff must demonstrate that he has been incarcerated under conditions posing a substantial risk of serious harm. 511 U.S. at 834. In this context, the Eighth Amendment protects against prison conditions that threaten to cause health problems in the future, not just conditions that cause immediate medical problems. Helling v. McKinney, 509 U.S. 25, 33-34 (1993) (holding that prisoner stated cause of action under Eighth Amendment by alleging that prison officials had, with deliberate indifference, exposed him to levels of environmental tobacco smoke that posed an unreasonable risk of serious damage to his future health). To meet this objective standard, however, "the Eighth Amendment requires more than a scientific and statistical inquiry into the seriousness of the potential harm and the likelihood that such injury to health will actually be caused by exposure to [the challenged conditions]. It also requires a court to assess whether society considers the risk that the prisoner complains of to be so grave that it violates contemporary standards of decency to expose *anyone* unwillingly to such a risk." Id. at 36 (emphasis in original).

The second prong of the Farmer test is a subjective one, requiring plaintiff to demonstrate that defendants acted with deliberate indifference. To establish deliberate indifference: 1) a prison official must know of and disregard an excessive risk to inmate health or safety; 2) the official must be aware of facts from which an inference could be drawn that a substantial risk of serious harm exists, and 3) the official must also draw the inference. Farmer,

4

511 U.S. at 837. Thus, "deliberate indifference describes a state of mind more blameworthy than negligence," and requires "more than ordinary lack of due care for prisoner's interests or safety." Id. at 835.

In support of their motion for summary judgment, Defendants argue that Plaintiff was housed adjacent to Inmate Artz (who they acknowledge "was unquestionably disruptive and noisy" – ECF No. 37, page 3) for 13 days (from October 21, 2010 through November 3, 2010), and was in the cell directly above Artz for 10 days (from December 28th through January 7th).[1] By this account, Plaintiff was in close proximity to the noise from Inmate Artz for a total of 23 days over a 3½ month period. In his Opposition, Plaintiff agrees that he was housed adjacent to Artz from October 21st through November 3rd, but argues that he was directly above Artz from November 21st through January 7th, for a total of 61 days over the same time period. See ECF No. 40, ¶ 1.

Whether Plaintiff was housed in close proximity to Artz for 23 days or for 61 days is a material issue of fact which should preclude summary judgment since the longer one is exposed to excessive levels of noise, the more severe the harm that may result. This Court recognizes that Plaintiff has not provided any evidence in support of his factual assertion as he is required to do under Rule 56[2], however, Defendants' own evidence seems to support Plaintiff's version of

---

[1] In support of this argument, Defendants cite to evidence at ECF No. 36-1, page 4 (Messner's cell history); 36-1, page 28 (Artz's cell history); and ECF No. 36-4, pages 1-2 (map of RHU).

[2] After the moving party has satisfied the initial burden of proving to the district court the absence of evidence supporting the non-moving party's claims, the burden then shifts to the non-movant to come forward with specific facts showing a genuine issue for trial. Fed. R. Civ. P. 56(e); Williams, 891 F.2d at 460-461(the non-movant must present affirmative evidence - more than a scintilla but less than a preponderance - which supports each element of his claim to defeat a properly presented motion for summary judgment). The non-moving party must go beyond the pleadings and show specific facts by affidavit or by information contained in the filed documents (i.e., depositions, answers to interrogatories and admissions) to meet his burden of proving elements essential to his claim (see Celotex, 477 U.S. at 322) and "must present more

5

events. Defendant Bearjar's Answers to Interrogatories indicate that Plaintiff was offered the opportunity to move away from Artz a couple of times between December 10th through January 2nd. ECF No. 36-4, ¶ 1. Bearjar's statement implies that Plaintiff was housed near Artz during that time period, which contradicts Defendants' other statements that Plaintiff was not housed near Artz from November 4th through December 27th. Additionally, the cell histories of both inmates, along with the map, indicate that the two were in close proximity from November 21st through January 7th. See ECF No. 36-1, pages 4 and 28; ECF No. 36-4, pages 1-2.

The parties also disagree over how noisy Artz was. Plaintiff argues that Artz banged on his metal desk for hours at a time every night, while Defendants argue that the banging was not constant. Again, this dispute is a material issue of fact which should preclude summary judgment.

The record before this Court also reflects that Defendants knew about the disruptive behavior of Artz and knew that Plaintiff believed the noise was affecting his health as early as the beginning of December. Although prison officials took progressive action to curtail Artz's behavior, it should be for the jury to decide whether Defendants did enough so as not to have exhibited deliberate indifference toward Plaintiff.

### III. CONCLUSION

For the foregoing reasons, it is respectfully recommended Defendants' motion for summary judgment [ECF No. 35] be denied.

In accordance with 28 U.S.C. § 636(b)(1) and Fed.R.Civ.P. 72, the parties must seek review by the district court by filing Objections to the Report and Recommendation within

---

than just bare assertions, conclusory allegations or suspicions to show the existence of a genuine issue" (Garcia, 2010 WL 2089639, at * 1).

fourteen (14) days of the filing of this Report and Recommendation. Any party opposing the objections shall have fourteen (14) days from the date of service of Objections to respond thereto. See Fed.R.Civ.P. 72(b)(2). Failure to file timely objections may constitute a waiver of appellate rights. See Brightwell v. Lehman, 637 F.3d 187, 194 n.7 (3d Cir. 2011); Nara v. Frank, 488 F.3d 187 (3d Cir. 2007).

/s/ Susan Paradise Baxter
SUSAN PARADISE BAXTER
United States Magistrate Judge

Dated: May 25, 2012